UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JUDY L. STELLY<br><br>VS<br><br>WAL-MART STORES, INC. and<br>WAL-MART LOUISIANA, L.L.C. | CIVIL ACTION NO.<br><br>SECTION:<br><br>JUDGE<br><br>MAG. JUDGE |

## COMPLAINT FOR DAMAGES

Petitioner, JUDY L. STELLY, appearing through her undersigned counsel, respectfully represents that:

### Jurisdiction and Venue

1.  The Court's jurisdiction is based upon 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because jurisdiction is based solely on complete diversity of citizenship and a substantial part of the events or omissions giving rise to the claim happened in this District.

### The Parties

3.  Petitioner, who is a person of lawful age, is a resident of and is domiciled in Vermilion Parish, Louisiana.

4.  The named defendants are:

-1-

      a.    WAL-MART LOUISIANA, L.L.C., a foreign corporation that is authorized to do and is doing business in Louisiana and within this Court's jurisdiction. It has appointed the CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816 as its Louisiana agent for service of process.

      b.    WAL-MART STORES, INC., a foreign corporation that is authorized to do and is doing business in Louisiana and within this Court's jurisdiction. It has appointed the CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816 as its Louisiana agent for service of process.

      c.    Stelly believes that the defendants are insured under one or more policies of liability insurance that provides coverage for the damages that she seeks. Stelly reserves her right to supplement and amend her Complaint to add each such insurer as a defendant herein.

## The Facts

5.    At all times relevant, the defendants (collectively "Wal-Mart"), d/b/a Wal-Mart Super Store #0531, were merchants which owned and operated and/or had custody, possession, and control of the premises known as Wal-Mart Super Store #0531 located at 3142 Ambassador Caffery Parkway, Lafayette, Louisiana.

6.    At all times relevant, petitioner was a patron or invitee in Wal-Mart's store.

7.    On or about April 2, 2015, petitioner was shopping in Wal-Mart's store in the frozen food section located in Aisle #5 when she slipped in a puddle of clear liquid (presumably water) that had accumulated in front of a frozen food cabinet. She fell on her right knee and then on her left buttock and ended up lying on her back, and in this process she struck her left elbow and shoulder on the floor.

8.    It was only when she was on the floor that she first saw the water in front of the freezer and saw that it was coming from under the freezer display case.

9.    As petitioner approached the freezer unit she was looking up at the merchandize in

the container and did not notice any clear water on the light colored floor because, as she was approaching the freezer unit, she was focused on the upper shelves for a package of fish patties. Wal-Mart had not posted any warning signs or a store employee to alert its customers to the presence of this water on the floor in this area.

10. After this incident, a store employee admitted to petitioner and her husband, who had accompanied her on this shopping trip, that the employee knew that the freezer unit had been leaking for a while.

11. Shortly after this incident, petitioner spoke with the Store Manager to explain to him what had just happened. And she gave him a short written statement on a Wal-Mart form that the Store Manager provided to petitioner.

## Fault and Negligence

12. Petitioner maintains that the presence of this clear liquid that was in her pathway created a foreseeable and unreasonable risk of harm, that Wal-Mart had actual or constructive knowledge of this condition that had existed for some time before petitioner slipped and fell in it, and that Wal-Mart failed to exercise reasonable care under the circumstances by, for example, warning her and the store's other patrons of the presence of this liquid or removing it before anyone fell because of its presence on Wal-Mart's floor or, alternatively, timely repairing the freezer unit to stop any water from flowing out from beneath it unto the customers' pathway.

13. Petitioner therefore maintains that Wal-Mart failed to maintain its floor and/or passageway in a reasonably safe condition before this incident and that the liquid that caused her to slip and fall created a hazardous condition, namely, one that posed an unreasonable risk of danger to the defendants' patrons.

14.     From the appearance of the liquid on the floor and the store employee's admission that the freezer unit had been leaking water onto the pathway for a while, it was readily apparent that the liquid had been on the floor for an inappropriate, unnecessary, and actionable period of time and, so posed a foreseeable risk of harm particularly, considering Wal-Mart's knowledge of this condition and the size of the amount of liquid.

15.     Petitioner avers that, before she slipped and fell in this liquid, one or more Wal-Mart employee had seen the spill, knew that the freezer unit was leaking water onto the customers' pathway, and had reported this defective condition to his or their supervisor.

16.     Petitioner also avers that one or more Wal-Mart employee who worked in the vicinity knew about this defective freezer unit condition and the presence of water in the pathway but failed to warn petitioner, protect the area, or otherwise clean it up before she fell.

17.     Petitioner was not guilty of any negligence or fault that caused or contributed to this fall.  This incident was due solely, proximately, and exclusively to the negligence, fault, and careless of Wal-Mart.

18.     Petitioner avers that the sole proximate cause of this incident was the negligence and/or fault of one or more Wal-Mart's employees (whose specific identities are presently unknown to petitioner), acting within the course and scope of their employment and for which Wal-Mart is vicariously liable, and which acts of negligence and/or fault on the part of one or more Wal-Mart employees consists more particularly, but not exclusively, of the following:

    a.     Failing to properly maintain its premises;

    b.     Failing to take proper precautions for the safety and protection of persons, including petitioner, using the premises;

c. Failing to timely inspect its premises, correct a hazardous condition, and allowing water to flow from benefit the freezer unit into the customers' pathway;

e. Negligently allowing a foreseeable and unreasonable risk of danger to its customers to exist on its premises by allowing a liquid to spill, accumulate, and remain on the floor in an aisle or pathway where its customers walked;

f. Negligently failing to discover the liquid and the hazard presented by same;

g. Negligently failing to report the spill;

h. Negligently failing to correct the dangerous condition presented by the liquid on the floor (which condition was reasonably anticipated in the course of its business activities after the same had been reported);

i. Failing to warn customers of the store (in general) and petitioner (in particular) of the unreasonably dangerous condition of the floor caused by the presence of the liquid;

j. Failing to have adequate warnings and/or place safety devices in the area of the liquid until it could be cleaned up, including "wet floor" warning signs and/or "cones," etc.;

k. Failing to see what it should have seen and do what it should have done under the circumstances;

l. Failing to provide proper and effective rules, policies, and regulations to protect against the accumulation of water on the floor inside the premises;

m. Generally being guilty of any and all other acts of negligence that may be discovered at the trial on the merits as having been the proximate cause of this accident;

n. Generally failing to exercise the required degree of care commensurate with the existing situation.

## Damages

19. As a result of this incident, petitioner has and will continue to suffer severe and painful injuries to her back, neck, knee, elbow, shoulder, and related soft tissues, together with mental anguish and distress, discomfort, and inconvenience, all of which she will suffer for an indefinite period of time.

20. Petitioner specifically pleads the doctrine of *res ipsa loquitur* since defendant had custody and control of its store and this accident, incident, or illness could not have occurred absent its fault and negligence.

22. By reason of the foregoing, petitioner has suffered past and future physical and mental pain and suffering, permanent physical disability, the loss or diminishment of the enjoyment of life, and loss of wages and wage-earning capacity, and past and future medical expenses, for which damages he seeks and is entitled to recover from defendants an amount reasonable under the circumstances of this cause. Her damages include:

    a. Physical and mental injury, pain and suffering, mental anguish, distress and fright, past and future.

    b. Loss of earnings, past and future;

    c. Loss of company or fringe benefits;

    d. Loss of or impairment of the enjoyment of life;

    e. Mental anguish, grief, depression, anxiety, and suffering;

    f. Medical and related expenses, past and future;

    g. Loss or diminishment of earning capacity;

    g. Other items of damages that may be shown through discovery or at trial;

    h. All appropriate and equitable relief;

    i. Legal interest from date of judicial demand;

    k. All court and litigation costs allowed by law.

## Prayer

WHEREFORE, petitioner, Judy L. Stelly, prays that the Court cite and serve each named

defendant to appear and answer this petition. She further prays that, after all legal delays and due proceedings, there be judgment in petitioner's favor and against the defendants, Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc., and National Union Fire Insurance Company of Pittsburgh, PA, jointly, severally, and in solido, for damages that are reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings. Petitioner further prays for all general and equitable relief that can afforded her by this Honorable Court under the laws of the State of Louisiana.

        Respectfully submitted,

        */s/ Richard R. Kennedy*
        RICHARD R. KENNEDY (#7788)
        Richard R. Kennedy (APLC)
        309 Polk Street
        P.O. Box 3243
        Lafayette, Louisiana 70502-3243
        Telephone: (337) 232-1934
        Facsimile: (337) 232-1934
        Email: ken309@richardkennedy.com

        */s/ Richard R. Kennedy III*
        RICHARD R. KENNEDY III (#26951)
        Richard R. Kennedy (APLC)
        309 Polk Street
        P.O. Box 3243
        Lafayette, Louisiana 70502-3243
        Telephone: (337) 232-1934
        Facsimile: (337) 232-1934
        Email: rrk3richardkennedy.com

**Service Instructions:**
**Wal-Mart Louisiana, L.L.C.**
Through its Louisiana agent for service of process,
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana 70816

**Wal-Mart Stores, Inc.**
Through its Louisiana agent for service of process,
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana 70816