UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUDY L. STELLY | *CIVIL NO. 6:16-0436 |
| VERSUS | *JUDGE DOHERTY |
| WALMART STORES, INC., ET AL. | *MAGISTRATE JUDGE HANNA |

**ORDER**

Federal courts are courts of limited jurisdiction[1] and are obligated to examine the basis for the exercise of federal subject-matter jurisdiction.[2] A lack of subject-matter jurisdiction may be raised at any time, and a court may raise the issue *sua sponte*.[3] The burden of establishing jurisdiction rests on the party invoking the federal forum.[4] In this case, the plaintiff must bear that burden. When jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged.[5] For exercise of this Court's diversity jurisdiction, it is axiomatic that complete diversity is required. Thus, the presence

---

[1]   *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2]   *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999).

[3]   *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

[4]   *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).

[5]   *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.[6]

In her Complaint, the plaintiff alleges that the basis of this Court's jurisdiction is 28 U.S.C. § 1332, which is jurisdiction based upon the parties being diverse in citizenship and the amount in controversy exceeding $75,000.

The plaintiff alleges that she is a Louisiana citizen. The defendants named in the complaint, Wal-Mart Stores, Inc. and Walmart Louisiana, LLC, are allegedly "foreign corporations. . . authorized to do and . . . doing business in Louisiana". [rec. doc. 1, ¶ 4(a) and (b)].

Under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and any state where it has its principal place of business. Therefore, a party invoking diversity jurisdiction must allege both the state of incorporation and the principal place of business of each corporate party.[7] In this case, however, no such allegations have been made with regard to Wal-Mart Stores, Inc., which apparently is a corporate entity. Wal-Mart Stores, Inc.'s answer provides no additional clarification, although, it's corporate disclosure states that Wal-Mart Stores, Inc. is a

---

[6] *Exxon v. Allapattah*, 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005) *citing Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

[7] *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).

Delaware corporation. [rec. docs 5, ¶4 and 7]. However, there are no allegations or evidence in the record establishing Wal-Mart Stores, Inc.'s principal place of business, which is necessary to establish diversity.

The undersigned also suspects that Wal-Mart Louisiana, LLC is not a corporation but a limited liability company, since the letters "LLC" appear in its name. The citizenship of a limited liability company is determined by the citizenship of all of its members.[8] When a member of an LLC is itself an LLC or a partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations.[9] If any one of the members is not diverse, the company is not diverse. The plaintiff has not identified the members of Wal-Mart Louisiana, LLC, nor provided evidence of any member's citizenship. Neither Wal-Mart Louisiana, LLC's answer nor its corporate disclosure provide additional clarification. Instead of identifying the members of Wal-Mart Louisiana, LLC, it states that Wal-Mart Louisiana, LLC is an "indirectly wholly-owned subsidiary of Wal-Mart Stores, Inc."[10] Thus, Wal-Mart Stores,

---

[8] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[9] *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

[10] Even more confusing is the statement that Wal-Mart Stores East, LP is the "direct parent" of Walmart Louisiana, LLC and that the general and limited partner of that entity are WSE Management, LLC and WSE Investment, LLC, the sole member of both being Wal-Mart Stores East, LLC (formerly known as Walmart Stores East, Inc) whose parent is Wal-Mart Stores, Inc. To the extent that any of these entities is a member of Wal-Mart Louisiana, LLC, the citizenship of each of their members (and the members of any member LLC) must be stated, including the state of incorporation and principal place of business of any corporate member.

Inc. may or may not be a member – or the sole member – of Wal-Mart Louisiana, LLC. Until the members of Wal-Mart Louisiana, LLC are identified and their citizenship established, however, the undersigned magistrate judge cannot determine the citizenship of Wal-Mart Louisiana, LLC or determine whether the plaintiff is diverse in citizenship from the defendants.

The plaintiffs have not complied with the requirement that each party's citizenship be distinctly and affirmatively alleged, and the undersigned cannot determine whether the parties are diverse in citizenship from the record before this Court.

Although the plaintiff bears the burden of establishing jurisdiction, because the facts establishing jurisdiction are well known to the defendants, the Court expects the defendants to assist the plaintiff in providing this Court with the required jurisdictional facts, as Wal-Mart entities have previously responded to this same inquiry in cases which were removed to this federal court. *See e.g. Marks v. Wal-Mart Louisiana, LLC,* 6:16-cv-419, rec. doc. 10-1 (W.D. La. 2016).

Accordingly,

IT IS ORDERED that, with the assistance and cooperation of the defendants, not later than twenty-one days after the date of this order, the plaintiff, shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship. These facts should be supported with summary-judgment-type

evidence. The defendants will be allowed seven days to respond to the plaintiffs' submission.

Signed at Lafayette, Louisiana on June 10, 2016.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**